UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL EARL YOUNG,<br>Plaintiff,<br>v.<br>STEVEN ALAN CHASE, et al.,<br>Defendants. | Case No. 19-cv-03729-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Donnell Earl Young asserts that his lawyer in pending state court proceedings is providing constitutionally inadequate representation and wants that lawyer removed. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances (such as bad faith or harassment). *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Accordingly, Young's lawsuit is DISMISSED.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Young is a state prisoner facing felony charges in San Mateo County. He alleges here that his public defender is providing constitutionally inadequate representation during the current state criminal proceedings. He asks that counsel be removed from defending him. He also alleges without elaboration that the prosecution was brought in "bad faith." (Compl., Dkt. No. 1 at 12.)

Abstention under *Younger v. Harris* is appropriate when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). All of the elements of *Younger* are present here.

2

Young's state court proceedings are ongoing, which satisfies the first *Younger* requirement: a felony information was filed by the San Mateo District Attorney on March 13, 2019 and Young was arraigned two days later. (Compl., Dkt. No. 1 at 25, 31.) The second *Younger* element is also present: "a proper respect for state functions," such as ongoing criminal proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). The third is as well: there is no reason Young cannot pursue his constitutional claims in state court.

Any interference by this court in the state court proceedings would enjoin or have the practical effect of enjoining state proceedings, results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Nothing in the complaint suggests there are extraordinary circumstances requiring such interference. For all of these reasons, *Younger* abstention is applicable.

**C.    Parties**

Young lists as "parties" state court "judicial officials" and staff at Maguire Correctional Facility, but he states no claim against them. For example, he lists the Maguire Correctional Facility staff as parties but alleges no claims against them; rather, he seeks discovery from them. (Compl., Dkt. No. 1 at 17.) State judicial officials are also listed as parties but no claims are alleged against them. Perhaps they too were included in the complaint for discovery purposes. And even if state judicial officials were proper parties, Young's claim would still be dismissed on abstention grounds. Allowing any claims to proceed against them at this time would interfere with on-going state criminal proceedings.

Young's claims against the State Bar of California would also be dismissed even if the suit were not dismissed on abstention grounds because they are not related to his current claims regarding ineffective assistance of counsel. The State Bar, like the staff at Maguire Correctional Facility, is not involved in his state criminal proceedings. Moreover, the State Bar of California is immune from suit under section 1983. *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995).

# CONCLUSION

As a result, this federal civil rights action is DISMISSED.  The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** July 10, 2019


WILLIAM H. ORRICK
United States District Judge